UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF NEW HAMPSHIRE

Jon Francis,

        Plaintiff

    v.                           Docket No. 1:17-cv-00173

Town of Bristol, New Hampshire

        Defendant

**MEMORANDUM OF LAW IN SUPPORT OF JOINT MOTION
TO APPROVE SETTLEMENT AGREEMENT AND RELEASE**

Plaintiff Jon Francis ("Officer Francis") and Defendant Town of Bristol ("the Town") submit this Memorandum of Law in Support of the parties' Joint Motion to Approve Settlement Agreement and Release (Document 14).

1.      Claim and Counterclaim

This action was initiated by Jon Francis, formerly an officer with the Bristol Police Department. The original Complaint set forth a claim for payment of overtime worked during the 16-week program at the New Hampshire Police Standards and Training Academy ("Academy"). During that 16-week period, Officer Francis was paid a salary for 40-hour workweeks. Officer Francis claims that he actually worked 496 hours of overtime during those 16 weeks for a total unpaid overtime of $15,247.04.

In response to the claim by Officer Francis, the Town brought its own counterclaim to enforce a Training Agreement signed by the Town and Officer Francis at the start of his employment. The Training Agreement acknowledges that there are costs associated with the hiring of a new police officer, some associated with attendance at the Academy, and further provides that if the officer does not remain employed by the Town for a period of thirty-six

months, he will reimburse the Town a liquidated amount ($18,000.00) with credit of $500 for each month actually worked.  Because Officer Francis left his position with Bristol sixteen months before the thirty-six month commitment was complete, the Town contends that Officer Francis owes the Town $8,000.

Officer Francis responded to the counterclaim with details, asserting that he had good reason to leave the position, asserting theories that the Town violated the covenant of good faith and fair dealing and that he was constructively terminated from his position with Bristol.

The parties engaged in initial discussions about settlement, arranged for and took the deposition of a former Bristol police officer, propounded interrogatories and requests for production of documents, and reached agreement about a resolution of the case that was approved by Officer Francis and the Town of Bristol that resolved the overtime claim of Officer Francis and the Training Agreement counterclaim.  Said resolution was memorialized in the form of a FLSA Release and Settlement Agreement ("FLSA Release") and a General Release and Settlement Agreement ("General Release") (collectively with the FLSA Release, "the Settlement Agreements").  The terms reflected in the two releases were subject to extensive back-and-forth negotiation and involved several revisions made to serve the interests of Officer Francis and the Town.

The parties submitted a Joint Motion to Approve Settlement Agreement and Release on January 16, 2018, along with copies of the Settlement Agreements.  In response to this Court's request, the parties now submit this Memorandum of Law in Support of the Joint Motion to Approve Settlement Agreement and Release.

2.    Judicial Oversight of FLSA Settlement

While settlements of civil actions in federal court are not usually the subject of judicial oversight, Congress has provided protections against coercion for employees who believe they are owed overtime wages.  In such cases, a settlement is only enforceable if approved by the federal Department of Labor, 29 U.S.C. § 216, or a federal district court.  *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352 (11th Cir. 1982); *Crabtree v. Volkert*, 2013 WL 593500 (S.D. Alabama 2013).  When presented with such a settlement, the District Court is tasked with determining whether the settlement is fair and reasonable.  In undertaking this task, the Court will also consider the attorney's fees to be paid plaintiff's counsel.

For the reasons stated below, the parties agree that the settlement of this matter on the terms they have negotiated is fair and reasonable.

3.    Plaintiff's Claim

The federal Fair Labor Standards Act requires that employers pay for all hours worked, with 1.5 times the hourly rate paid for all hours worked beyond 40 in any week.  Generally, with limited exceptions, the Town paid Officer Francis 40 hours for each of the weeks that Officer Francis attended the Academy.

The first issue is whether Officer Francis is owed overtime compensation and, if so, how to calculate the number of hours that Officer Francis worked during the Academy.  Officer Francis alleges that all hours between when he arrived at the Academy on Monday morning and when he left on Friday afternoon, with the exception of periods when recruits were asleep during "lights out," constituted compensable time.  The Town asserts that Officer Francis was not owed compensation for meal periods, break periods, and periods during which Officer Francis engaged in personal hygiene.

If Officer Francis is deemed to be owed overtime compensation, the second issue is whether Officer Francis is owed liquidated damages equal to the amount of back wages owed. See 29 U.S.C. § 216(b). The Town asserts that the Town is not liable for liquidated damages because the Town has, at all times, acted in good faith. 29 U.S.C. 260. Officer Francis disagrees.

    a. *Break Periods*

With regard to break times, 29 C.F.R. 553.226(c) provides the starting point:

> Police officers or employees in fire protection activities, who are in attendance at a police or fire academy or other training facility, are not considered to be on duty during those times when they are not in class or at a training session, if they are free to use such time for personal pursuits. Such free time is not compensable.

Officer Francis would testify and present the testimony of other officers alleging that there was very little free time during those 16 weeks between Monday morning and Friday afternoon. The Town would present testimony from those who had attended the Academy to refute Officer's Francis' assertion that there was little free time and that the alleged overtime hours were non-compensable time. As such, a good faith dispute exists as to the compensable nature of various break periods during the Academy.

    b. *Meal Periods*

With regard to meal periods, time spent at meals is not compensable, as long as that time fits the definition of "bona fide" meal periods. 29 CFR 785.19 provides that definition. To qualify as a "bona fide" meal period, "[t]he employee must be completely relieved from duty for the purposes of eating regular meals… The employee is not relieved if he is required to perform any duties, whether active or inactive, while eating… (b) It is not necessary that an employee be

permitted to leave the premises if he is otherwise completely freed from duties during the meal period."

Officer Francis would assert that there was little time for the recruits to eat during meal periods and that they first marched to the cafeteria, waited while other squads ate, cleared their trays, and were ordered to study their notes while waiting for others to finish their meals. The Town would assert that many, if not all, of these activities are incident to taking a meal and do not constitute "duties" which would disqualify such time from being considered a "bona fide" meal period. The Town would assert that calculating the exact number of hours worked during these periods, if any, would be extremely difficult and that Officer Francis would be incapable of satisfying his burden of proof as to the number of compensable hours due and owed to him.

c.  *Summary of Plaintiff's Claim for Back Overtime Compensation*

During the first Academy week, applying the facts above, Officer Francis estimates that he worked 72.67 hours. Per Officer Francis' estimate, Officer Francis claims that he should be have been paid overtime for 32.67 hours that week. Town records indicate that Officer Francis' hourly rate of pay was $19.68 per hour for the period that he attended the Academy. Applying the 1.5 overtime figure to Officer Francis' base rate of pay results in an overtime rate of $29.52 per overtime hour. Appluing the $29.52 times 32.67 hours equals $964.42, and multiplying that number by 16 weeks (assuming each week was approximately the same), results in $15,430.69. With the liquidated penalty, Officer Francis asserts that he would be owed a total of $30,861.38, not including attorney's fees.

The Town disputes the accuracy of the Plaintiff's calculations, the number of compensable hours, and the methodology used to calculate the above-referenced amount. The

Town contests that Officer Francis is owed, at most $1,446.48, less applicable wages, which the Town tendered to Officer Francis in the form of a check that Officer Francis declined to cash.

    d.  *Town's Defense of "Good Faith"*

Notwithstanding the Town's dispute as to Officer Francis' claims to back overtime, the Town asserts that even if Officer Francis were to prevail on demonstrating that he is entitled to back wages, Officer Francis would not be entitled to liquidated damages because the Town has acted in good faith and upon a reasonable belief that the Town's actions were not in violation of the FLSA.

29 U.S.C.§ 260 provides that:

> In any action commenced prior to or on or after May 14, 1947 to recover unpaid minimum wages, unpaid overtime compensation, or liquidated damages, under the Fair Labor Standards Act of 1938, as amended [29 U.S.C. 201 et seq.], if the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the Fair Labor Standards Act of 1938, as amended, the court may, in its sound discretion, award no liquidated damages or award any amount thereof not to exceed the amount specified in section 216 of this title.

Here, the Town asserts that it has acted in good faith at all time.  The Town would assert that Officer Francis submitted a time sheet for each week that he was in the Academy and that the Town paid Officer Francis for all time reflected on said time sheets, which in certain instances included overtime.  The Town would further assert that Officer Francis made reference to unpaid overtime for the first time in response to the Town's attempts to collect the monies owed under the Training Agreement and at no time raised the issue of unpaid wages.  The Town would assert that, upon learning of Officer Francis' FLSA complaint, the Town reviewed the payroll records of not just Officer Francis, but all other officers in the Town's employ, and issued checks to said

officers, including Officer Francis, in an amount consistent with what the Town's analysis suggested was due and owed.

Officer Francis disputes the Town's defense of good faith. Officer Francis claims that the time sheets submitted by Officer Francis were prepared by the Town for the weeks that Officer Francis attended the Academy weeks and that those time sheets were not even reviewed or signed by Officer Francis. Officer Francis would also testify that he asked Chief Lewis whether he would get paid for the overtime hours worked. Officer Francis would testify that Chief Lewis laughed at him and told him he would be paid no more than 40 hours for each week. The Town disputes Officer Francis' assertion.

e. *Attorney's Fees*

The attached summary shows that counsel for Officer Francis advanced $714.80 in expenses and generated more than $17,000 in fees in working up the case. Per 29 U.S. § 216 (b), an individual that proves that an employer violated the FLSA shall be entitled to their costs and attorney's fees. The Town has contested the reasonableness of the attorney's fees sought in this matter.

4.   Summary of the Town's Claim

The Town asserts that Officer Francis is liable to the Town for breach of the Training Agreement because Officer Francis failed to work for the entirety of the required thirty-six month period, terminating his employment voluntarily with sixteen weeks remaining on his commitment and triggering the Training Agreement's liquidated damage clause of $500.00 for each month remaining on the Training Agreement ($8,000.00 total). The Town would testify that the Town made reasonable demands on Officer Francis to pay the liquidated damages, but Officer Francis refused.

7

Officer Francis claims that he is not liable under the Training Agreement because he was constructively discharged from employment due to the Town's breach of the implied covenant of good faith and fair dealing.  Officer Francis asserts that Chief Michael Lewis created an unsafe work and hostile work environment that compelled Officer Francis to leave his employ with the Town.  The Town disputes Officer Francis' allegations.

5.      Fairness of Settlement

Officer Francis and the Town submit the Settlement Agreements as a fair resolution of this matter that meets the objective of ensuring that Officer Francis has been "paid all uncontested wages due and that a fair deal regarding additional amount that remains in controversy."  See Lynn Foods Stores, Inc. v. U.S. By & Through U.S. Dep't of Labor, Employment Standards Admin, Wage & Hour Div., 679 F.2d 1350, 1353 (11th Cir. 1982); Hogan v. Allstate Beverage Co., 821 F. Supp. 2d 1274, 1281 (M.D. Ala. 2011).  Pursuant to the Settlement Agreements submitted to this Court, Officer Francis would receive a total of $21,000.00 in full resolution of the FLSA claim, inclusive of all back wages, liquidated penalties, and attorney's fees.  Pursuant to the Settlement Agreements, Officer Francis' payment would be allocated at $13,000.00 toward back wages and liquidated damages and $8,000.00 toward attorney's fees.  Additionally, the parties would execute a full and mutual release of any and all claims, including the Town's claims to the $8,000.00 in liquidated attorney's fees.

The Settlement Agreements were the subject of extensive negotiation, in which both Officer Francis, through his counsel, and the Town, through its counsel, exchanged numerous settlement proposals.  Singleton v. AT&T Mobility Services, LLC, 146 F. Supp. 3d 258, 260  (D. Mass 2015).  Both parties were represented by counsel, and there was no element of fraud, collusion, or coercion present during settlement negotiations.  See Burkholder v. City of Ft.

Wayne, 750 F. Supp. 2d 990, 994-95 (N.D. Ind. 2010) ("stipulated settlements in a FLSA case must be approved by the Court . . . because there is a fear that employers would coerce employees in settlement and waiver of their claims").  The Settlement Agreements involve a payment of all wages that the Town thought Officer Francis was might be entitled to ($1,446.48), plus $11,553.52 toward contested wages and liquidated damages, and an additional $8,000.00 toward Officer Francis' attorney's fees.  This also includes considerable cost savings to Officer Francis because it avoids liability in the amount of $8,000.00 for the alleged breach of the Training Agreement. While Officer Francis stood to be awarded an amount equal to $30,861.38, Officer's Francis' total potential recovery was going to be subject to extensive challenges, including Officer Francis' ability to prove the exact number of compensable hours, and set-offs related to the Town's counterclaim, making the $13,000.00 payment reasonable settlement compensation that accounted for the costs, risks, and uncertainties associated with litigation.

The Settlement Agreements further represent and account for the stage of the litigation and the status of discovery.  As of the execution of the Agreements, the parties had only engaged in one deposition and, while discovery had been propounded by both Officer Francis and the Town, the parties had yet to produce responses in light of the progress made toward settlement. Absent the settlement of this matter, the parties would have had to engage in an extensive amount of further discovery, which would have required multiple depositions and extensive document production.  This amount represented a significant potential cost risk to both the Town and Officer Francis, which was unwarranted given the modest sums sought to be recovered.  See Singleton, 146 F. Supp. 3d at 261.

Additionally, the Settlement Agreements avoid what was likely to be a lengthy and expensive trial in this matter.  This case was scheduled as a jury trial, which, although pled as an

FLSA/breach of contract case, would involve elements of constructive discharge and bad-faith, requiring numerous witnesses and evidentiary exhibits.

In short, the Settlement Agreements provide the parties with peace.  Officer Francis is the father of six young children and now works as an officer for the Town of Franklin and is not inclined to press the case to a trial.  Officer Francis has obtained a suitable result which avoids his liability under the Training Agreement and allows him to retain a level of compensation that he deems fair and reasonable under the circumstances.  In similar fashion, Officer Francis's counsel is more interested in obtaining a result that provides a fair balance between what Officer Francis wanted to accomplish and what the law requires.  For that reason, counsel agreed to accept $8,000.00 of the total settlement as reimbursement for expenses advanced and hours invested, with the remaining $13,000.00 to be paid to Officer Francis.  Officer Francis and his counsel agree that this is a fair way of resolving this matter.

Similarly, although the Town disagrees with plaintiff's assessment of the case, the Town believes that settlement of this matter is in the best interest of the Town and its taxpayers and wishes to avoid incurring further legal costs and a potential adverse ruling.

WHEREFORE, Officer Francis and the Town respectfully request that this Court:

A.  Approve the FLSA Release;

B.  Mark the docket in the matter "Case Concluded Per Agreement of the Parties";

C.  Award no further costs, damages, penalties, or attorney's fees, except as expressly provided in the FLSA Release; and

D.  Grant such further relief as is just and equitable.

Respectfully submitted,

Jon Francis
By His Attorneys

NIXON, VOGELMAN, BARRY,
SLAWSKY AND SIMONEAU, P.A.


Dated: 2/15/18                  By:     /s/ David P. Slawsky (# 6591)
                                        77 Central Street
                                        Manchester, NH 03101
                                        (603) 669-7070
                                        *dslawsky@davenixonlaw.com*


                                        Town of Bristol
                                        By its attorneys,

                                        DONAHUE, TUCKER, & CIANDELLA, PLLC


Dated: 2/15/18                  By:     /s/  Eric Maher (#21185)
                                        16 Windsor Lane
                                        Exeter, N.H.  03833
                                        (603) 778-0686
                                        *emaher@dtclawyers.com*